**Jacob Johnstun, OSB No. 162146**, jjohnstun@johnstuninjurylaw.com
JOHNSTUN INJURY LAW LLC
1934 St. Helens Street, Suite A
St. Helens, Oregon 97051
Telephone: (503) 410-3572
Facsimile: (503) 389-1548

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER BARTLETT**, an individual, | Case No. 0:18-cv-807 |
| **PLAINTIFF**, | **COMPLAINT** |
| v. | JURY TRIAL REQUESTED |
| **RYAN DEWS**; **ANDREW MOYER**; **JEFFREY M. DICKERSON**; **JOHN DOES 1-4**; as individuals, and **COLUMBIA COUNTY**, an Oregon municipality, | |
| **DEFENDANTS**. | |

Plaintiff Christopher Bartlett alleges as follows:

## INTRODUCTORY STATEMENT

Plaintiff is a mentally ill and homeless individual who grew up in Columbia County. Plaintiff has been medically diagnosed as suffering a mood disorder, delusional thinking, and being hypomanic. Over the years, the Columbia County Sheriff's Office has had dozens of encounters with Plaintiff. Officers are well acquainted with Plaintiff, and are also aware of Plaintiff's mental health.

Page 1 - COMPLAINT

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

On August 1st, 2017, while Plaintiff was an inmate at the Columbia County Jail, Plaintiff lied down on his bed to take a nap after eating his lunch. Plaintiff was alone in his cell, and the cell door was locked. Shortly thereafter, Defendants did maliciously unlock and open Plaintiff's cell door and immediately cause a police dog, or K9 unit, to violently bite and tear at Plaintiff's arm and upper thigh. Defendants ordered the dog to attack Plaintiff for a grossly excessive amount of time, approximately twenty seconds, even though Plaintiff offered no resistance. Defendants targeted Plaintiff with this extreme and unjustified level of force because of his known and perceived mental illness.

This is the first known instance of officers ordering a dog to attack an inmate who is locked in his cell in the state of Oregon. In the United States, it is an extremely scarce practice. When legitimate security measures require an inmate to be extracted from his cell, officers in the past (including Defendants) have routinely and repeatedly used other, less violent measures to accomplish that objective. These alternative measures have an extremely high success rate where injuries for both officers and inmates are rare. Yet despite well-established standards and protocol, and the lack of any written procedures that would allow a dog attack on an inmate locked in his cell, Defendants knowingly disregarded this in their goal to inflict gratuitous pain and punishment upon Plaintiff.

After the attack, and contrary to standard procedure, not one of the six involved officers drafted and submitted a report in the days following. Defendants knew that their conduct was wrong, and conspired to "sweep it under the rug" and make it appear as if the attack had never happened. Defendants also knew that if Plaintiff told anyone about the attack, it was unlikely he would be believed because of his mental illness. It was only when an unknown witness reported

Page 2 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

the attack to the media, and the media made a public records request, that officers drafted and submitted their reports over two months later.

The reports that were finally drafted and submitted are plainly false when compared to available video footage. They describe aggressive and violent behavior by Plaintiff that video shows to be simply untrue. The false reports thus reveal an intent by Defendants to conspire and defraud the public with a fictional version of events in the hopes of gaining public support for such an unprecedented use of force.

The attack suffered by Plaintiff shocks the conscience and is reminiscent of the horrifying police dog attacks against peaceful protestors during this nation's civil rights movement. Such conduct is despicable, unconstitutional, and beneath that of a modern society.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 42 U.S.C. § 1983, 42 U.S.C. § 12101 and 28 U.S.C. §§ 1331, 1343 and 1367. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

2.

At all material times, Plaintiff was and is a citizen of the United States and a resident of Oregon over the age of 18 years. Plaintiff is homeless, but primarily resides in Columbia County, Oregon.

3.

At all material times, Defendant Ryan Dews ("Dews") was a Columbia County Sheriff's deputy, who is being sued in his official and personal capacities. At all material times,

Page 3 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

Defendant Andrew Moyer ("Moyer") was a Columbia County Sheriff's sergeant, who is being sued in his official and personal capacities. At all material times, Defendant Jeffrey M. Dickerson ("Dickerson"), was the Columbia County sheriff, who is being sued in his official and personal capacities. Upon information and belief, John Does 1-4 are individuals who have acted in concert with Defendants Dews, Moyer, and Dickerson, both in official and personal capacities, to take the actions alleged below. Defendant Columbia County ("County") is an Oregon municipality, which has been under the control of, or operated through, Defendants Dews, Moyer, Dickerson, and John Does 1-4.

## MONELL ALLEGATIONS

4.

Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), County is liable for all injuries sustained by Plaintiff as set forth herein. County bears liability because its policies, practices and/or customs caused Plaintiff's injuries. In particular, Defendant Dickerson has condoned an ongoing pattern of brutality committed by deputies assigned to the jail. County and its officials, including Defendant Dickerson, maintained or permitted one or more of the following official policies, customs, or practices:

a) Failure to provide adequate training and supervision to Sheriff's deputies with respect to constitutional limits on use of force, detention, mental health, and inmate cell extractions;

b) Failure to adequately discipline or retrain officers involved in misconduct;

c) Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

Page 4 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

d) Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

e) Failure to practice and enforce proper reporting and investigation of use of force by County employees within the jail; and

f) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint.

## FACTS

5.

Plaintiff is a homeless, mentally ill individual who has had dozens of encounters with the Columbia County Sheriff's Office over the years. Officers are well acquainted with Plaintiff, and are equally aware of his mental illness.

6.

On August 1st, 2017, Plaintiff was an inmate housed at the Columbia County Jail in cell AT1, located on the second floor in A pod.

7.

At approximately 12:00 – 12:15 pm, Deputy Kyles and an unknown officer distributed lunch trays to inmates locked in their cells in A pod. When the two officers had distributed lunches to all inmates except for Plaintiff, they wheeled the food cart outside of A pod and started to shut the door. Plaintiff shouted from his cell to notify the officers that he had not been served his lunch. Deputy Kyles, before shutting the door to A pod, called out towards Plaintiff's cell, asking him if he had been served his lunch. Plaintiff replied he had not, and Deputy Kyles instructed Plaintiff to come out of his cell to retrieve it.

Page 5 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

8.

Plaintiff complained about the officers forgetting to serve him his lunch as Deputy Kyles handed him his tray.  Deputy Kyles then instructed Plaintiff to return to his cell.  As Plaintiff did so, he said "Oh be quiet, 'backseat Kyles,'" an unkind nickname Plaintiff was aware that Deputy Kyles had been called in high school.

9.

Once Plaintiff had returned to his cell and Deputy Kyles shut and secured the door to A pod, the other officer asked her why Plaintiff appeared to be upset.  Rather than inform the officer that Plaintiff was displeased about nearly not being served his lunch, Deputy Kyles replied "I don't understand.  I'm having a hard time understanding.  He's going to be in a closed cell.  He is threatening everybody's lives.  I'm not understanding."  The other officer replied that there was no other cell to place Plaintiff.  Deputy Kyles said "Yeah, I don't know what I'm going to do.  Uh… I have a plan."

10.

In retribution for comments made by Plaintiff, Deputy Kyles requested backup from officers outside the jail on patrol to assist in a forcible cell extraction of Plaintiff with the intent of inflicting gratuitous pain and punishment.  Officer Kyles knowingly and maliciously made a false statement to dispatch when she said backup was needed because Plaintiff "was refusing to return his lunch tray and threatened to throw it at Jail Staff."  At no time did Plaintiff refuse to return his lunch tray, or threaten to throw it, at jail staff.  Indeed, at no time did officers even request that Plaintiff return his lunch tray.

Page 6 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

11.

At approximately 12:30 pm, Defendant Dews approached A pod with a police dog, a purebred Belgian Malinois. Defendant Dews issued multiple barking commands. In response, the police dog barked repeatedly and loudly at the cells within A pod. Five other officers gathered outside of A pod: Captain Weaver, Sergeant Haas, Defendant Moyer, and Deputies Macfarlane and Kyles. Once the police dog had continuously barked for approximately one minute and thirty seconds, Defendant Dews walked deliberately up to Plaintiff's cell. The other officers followed.

12.

No peaceable, non-forceful attempts to extract Mr. Bartlett from his cell had been made prior to this point, contrary to standard jail operating procedure.

13.

Before officers approached Plaintiff's cell, Plaintiff had lain down on his bed to take a nap just after eating his lunch. When Defendant Dews approached Plaintiff's cell and looked inside, he said "He's laying down." Defendant Dews then resumed issuing barking commands to his police dog, and it barked incessantly and loudly.

14.

Deputy Macfarlane knocked on Plaintiff's locked cell door and ordered Plaintiff to place his hands through the food port to be cuffed. Plaintiff got up from his bed, looked outside his cell door window, and walked back to his bed. When asked by Defendant Dews what Plaintiff was doing, Deputy Macfarlane replied "He's sitting down on the mattress."

Page 7 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

15.

As Plaintiff sat on his bed, Defendant Dews told Deputy Macfarlane "Open the door. Tell him if he doesn't come out he's going to get bit." Deputy Macfarlane called to Plaintiff and said "You're going to get bit if you don't come out!" At this time, officers had only attempted to speak with Plaintiff for approximately one minute and five seconds before threatening to sic the police dog on him. Plaintiff got up from his bed, picked up a plastic bin used to store personal items, and threw it at his locked cell door. Defendant Dews said to Deputy Macfarlane "Open it."

16.

Deputy Macfarlane unlocked and opened Plaintiff's cell door. Without hesitation, Defendant Dews rushed into Plaintiff's cell with the police dog while shouting attack commands. As he did so, Plaintiff cowered against the wall near his bed, shielding his vital organs from attack by crossing his arms and legs. In total, a mere one minute and fourteen seconds had passed from when officers first initiated a dialogue with Plaintiff, to when officers opened Plaintiff's locked cell door and ordered the police dog to attack him.

17.

Following Defendant Dews' commands, the police dog immediately bit onto Plaintiff's upper thigh and left arm and pulled Plaintiff to the ground, where it continued to violently tear at Plaintiff's arm. Plaintiff laid on his stomach before curling up into the fetal position, offering no resistance. Despite this, Defendant Dews repeatedly shouted "Stop resisting!"

Page 8 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

18.

Defendant Dews commanded the K9 to violently and excessively bite Plaintiff for approximately twenty seconds, far beyond what was reasonable or necessary to obtain control of Plaintiff.

19.

As a direct result of the unjustified and gratuitous use of force against Plaintiff by Defendants, Plaintiff suffered the following injuries:

a) Deep lacerations in his left arm;

b) Deep lacerations in his upper thigh;

c) A cut to his knee from when Plaintiff was pulled to the ground;

d) Severe mental, emotional, and psychological distress from Defendants' acts, which were meant to terrorize.

20.

The following day on August 2nd, 2017, Sheriff's deputies transported Plaintiff to Legacy Emanuel Hospital to receive a mental health evaluation. Plaintiff was diagnosed as suffering a mood disorder, delusional thinking, and being hypomanic. Plaintiff was eventually prescribed Risperdal, an antipsychotic medication.

21.

Contrary to the Columbia County Sheriff's Office official policy, none of the above mentioned officers filed reports in the following weeks. Only when an unknown witness reported the attack to the media, and the media made a public records request, did the involved officers draft their reports, nearly two and a half months later.

Page 9 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

22.

The aforementioned officers entered into an agreement to conceal their individual responsibility with County and Defendant Dickerson to conceal the illegal attack on Plaintiff in violation of his Constitutional rights. To accomplish the object of this conspiracy, Defendants, acting individually or in concert with each other, determined to cover up their unconstitutional use of excessive force by filing materially false and misleading reports.

23.

Columbia County Jail policy requires that all use of force incidents by jail staff be reported accurately and in writing. Among other things, the written reports shall include a truthful description of the events, and witnesses and type of force used. Each participant or witness must prepare a separate report and, to ensure accuracy, staff members should not cooperate with each other in the preparation of the report.

24.

Defendants agreed with each other to violate these requirements in reporting the events of Plaintiff's cell extraction by employing a series of steps designed to conceal the truth of their own wrongdoing. In particular:

a) Defendants did not involve a health care professional in the decision to go forward with the cell extraction, who would have intervened to cool down the situation or would have determined that there were less violent alternatives available to their excessive use of force;

b) Defendants cooperated in the preparation of their reports on the cell extraction in order to coordinate their stories and conceal their wrongdoing;

Page 10 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

c) Defendants filed materially false and misleading reports on the cell extraction that failed to disclose (among other things): 1) that the use of force was preplanned and not an emergency; 2) that Plaintiff did not threaten to throw his lunch tray at officers, as claimed in their reports; 3) that Plaintiff did not throw a plastic bin at the head of Defendant Dews after the cell door had been opened, as claimed in their reports; 4) that Plaintiff did not lunge towards his plastic bin in an attempt to throw it at officers after the cell door had been opened, as claimed in their reports; 5) after the cell door had been opened, that Defendant Dews did not order Plaintiff to get down on the ground, and give him a reasonable chance to comply with that order, before ordering the police dog to attack Plaintiff as claimed in their reports; and 6) that Defendants were aware of Plaintiff's mental illness.

25.

Defendants' unjustified and excessive use of force caused severe psychological trauma in Plaintiff, increasing his thoughts of depression and exacerbating his mood swings. After the attack, jail medical staff confirmed that Plaintiff suffered from a mood disorder and delusional thinking, and prescribed him anti-psychotic medication.

## FIRST CLAIM
**(For Violation of Plaintiff's Eighth and Fourteenth Amendment Rights Protected by 42 U.S.C. §1983 Against All Defendants)**

26.

Plaintiff realleges and incorporates paragraphs 1-25.

Page 11 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

27.

Section 1983, a part of the Civil Rights Act of 1871, prohibits any person acting under color of state law to deprive any United States citizen of the rights, privileges and immunities secured by the Constitution of the United States. Among the rights protected by this section is the right under the Eighth and Fourteenth Amendments of the Constitution to be free from the infliction of cruel and unusual punishments.

28.

Defendants, as employees of the State of Oregon and the County, acted under the color of state law in engaging in the activities described above to deprive Plaintiff, a citizen of the United States, of the rights secured to him by the Eighth and Fourteenth Amendments to the Constitution to be free from the infliction of cruel and unusual punishments.

29.

As an inmate under the control and protection of the County, Plaintiff had the right to be free from the gratuitous use of physical punishment unnecessary to maintain or restore discipline. In the August 1st, 2018 cell extraction, Defendants used force maliciously and sadistically to cause harm to Plaintiff, and not as part of a good-faith effort to maintain or restore discipline.

30.

Defendants unlocked and opened Plaintiff's cell door and immediately ordered a police dog to maul him for an excessive amount of time, solely in retaliation for referring to Deputy Kyles by an unkind nickname she was called in high school. Defendants gratuitously used excessive force and their official authority to punish Plaintiff through the unnecessary and wanton infliction of pain that was intentional, unjustified, brutal, and offensive to human dignity.

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

These actions were all done in violation of the prohibition against cruel and unusual punishment in the Eighth and Fourteenth Amendments to the Constitution.

31.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CLAIM
**(For Violation of 42 U.S.C. § 12132 Against All Defendants)**

32.

Plaintiff realleges and incorporates paragraphs 1-31.

33.

The Americans With Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

34.

Plaintiff alleges that Defendants County and Dickerson failed to train, supervise, and/or discipline Defendants Dews, Moyer, and John Does 1-4 in recognizing symptoms of disability under Title II of the Americans With Disabilities Act; from excluding qualified individuals such as Plaintiff from participation in or denial of benefits or services provided by Defendant County, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans With Disabilities Act, resulting in the dog-mauling of Plaintiff during the subject incident and his resulting damages.

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

35.

At the time of the subject incident, Defendants were well acquainted with Plaintiff, and were equally aware of Plaintiff's recognized disability and the associated symptoms and manifestations. Notwithstanding this knowledge, and the lack of any emergency or reasonable, legitimate belief that Plaintiff posed a security threat while in his locked cell, Defendants failed to implement any well-established mental health standards and procedures that would have de-escalated the situation, or prevented the situation from escalating in the first place, and subsequently unlocked Plaintiff's cell door only to immediately order a police dog to attack him. The aforementioned conduct of Defendants excluded Plaintiff from participation in, and denied Plaintiff the benefits of, Defendant County's programs and activities, and/or discriminated against Plaintiff.

36.

The exclusion, denial of benefits, and/or discrimination against Plaintiff was by reason of Plaintiff's recognized disability.

37.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM
**(Assault and Battery Against Defendants Dews, Moyer, and John Does 1-4)**

38.

Plaintiff realleges and incorporates paragraphs 1-37.

Page 14 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

39.

Defendants Dews, Moyer, and John Does 1-4 placed Plaintiff in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

40.

These defendants' conduct was neither privileged nor justified under statute or common law.

41.

As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM
**(Intentional / Reckless Infliction of Severe Emotional Distress Against All Defendants)**

42.

Plaintiff realleges and incorporates paragraphs 1-41.

43.

The conduct of Defendants was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

44.

As a proximate result of Defendants' willful, intentional, and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages.

Page 15 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

45.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **FIFTH CLAIM**
**(Negligence)**

46.

Plaintiff realleges and incorporates by reference paragraphs 1-45 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47.

At all times herein mentioned, Defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force.  The wrongful conduct of Defendants did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiff to suffer injuries and damages as set forth herein.

48.

As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, and severe emotional and mental distress.

49.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

JURY DEMAND

50.

Plaintiff hereby demands a jury trial in this action.

Page 16 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

a) For general damages in a sum of $500,000.00

b) For special damages in a sum according to proof;

c) For punitive damages in a sum according to proof;

d) For injunctive relief enjoining Defendant County from authorizing, allowing, or ratifying the practice of forcibly extracting inmates from their cells with police dogs;

e) For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 794a;

f) For the costs of suit herein incurred; and

g) For any other such relief the Court deems just and proper.

DATED this 9th day of May, 2018.

*s/ Jacob Johnstun*
By _____
Jacob Johnstun, OSB #162146
Email:  johnstun.injury.law@outlook.com
Telephone:  503-410-3572
Facsimile:   503-389-1548

Page 17 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548